# IN THE COURT OF APPEALS OF IOWA

―――――――――

No. 25-1022
Filed June 10, 2026

―――――――――

**State of Iowa ex rel J.G.,**
Petitioner–Appellee,

v.

**Mynesia A. Anderson,**
Respondent–Appellant,

―――――――――

Appeal from the Iowa District Court for Black Hawk County,
The Honorable David F. Staudt, Judge.

―――――――――

**APPEAL DISMISSED**

―――――――――

Mynesia Anderson, Greenville, Mississippi,
self-represented appellant.

Brenna Bird, Attorney General, and Terra K. Wood, Gary J. Otting, and
Kimberly Meyer, Assistant Attorneys General, attorneys for appellee Child
Support Services.

―――――――――

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Buller, J.

**BULLER, Judge.**

Mynesia Anderson appeals from a ruling denying her 2025 motion to vacate a 2019 child-support order. In reviewing the briefs, we discovered Anderson's filings included what purported to be direct quotations from at least eight appellate decisions, but those quotes did not actually appear in the decisions. Her briefs also cited two Iowa cases that do not exist; the reporter citations provided are for other states and cases unrelated to the cited propositions.

We have addressed this phenomenon—problematic filings apparently "written" by artificial intelligence (AI)—in other cases. *See Nisland Asset Inv., LLC v. Gericke*, No. 25-0659, 2026 WL 1162553, at *1 (Iowa Ct. App. Apr. 29, 2026); *In re W.G.*, No. 25-1916, 2026 WL 892837, at *2–3 (Iowa Ct. App. Apr. 1, 2026); *In re R.A.*, No. 24-1629, 2025 WL 2793560, at *2–4 (Iowa Ct. App. Oct. 1, 2025); *Luke v. Dep't of Health & Hum. Servs.*, 29 N.W.3d 635, 636 (Iowa Ct. App. 2025); *Turner v. Garrels*, No. 24-0895, 2025 WL 2537738, at *1 n.1 (Iowa Ct. App. Sep. 4, 2025). Most pertinent here, using AI in legal matters carries the risk of AI "hallucinating" or fabricating legal authorities that do not actually exist. *See* Thomas A. Mayes, *Artificial Intelligence, Special Education, and the Law: Risks, Rewards, and Opportunities for Leadership*, 20 J. Bus. & Tech. L. 115, 121–22 (2025) ("[AI] may 'sometimes even make up facts.' This includes fabricating case citations, even if the proposition it is citing the case for is correct or misstating the holding of a case that exists." (footnotes omitted)).

With this backdrop, we ordered Anderson to either (1) file copies of the ten decisions with the portions she relied on highlighted; or (2) submit "a statement indicating whether the appellant's brief or reply brief were prepared using generative artificial intelligence tools."

Anderson filed a response, but it was neither of the permitted options. In a fifteen-page document, she repeatedly asserted she was not subject to the court's jurisdiction before writing: "I asked a friend to help with the brief and reply brief so I can neither confirm or deny the assistance of generative artificial intelligence." We find Anderson failed to comply with our order.

We have, in the recent past, stricken offending portions of briefs and petitions containing a few AI-generated citations. *See, e.g.*, *W.G.*, 2026 WL 892837, at *3; *In re R.A.*, 2025 WL 2793560, at *4. We decline to follow that path here for two reasons. First, the offending parties in *W.G.* and *R.A.* both complied with our order and expressed remorse for submitting fabricated citations; Anderson has done neither. Second, in both of those cases we could at least arguably sift out the hallucinated authorities and decide what remained of proper legal argument; we cannot do so here given the depth and breadth of the fabricated case citations. *See Nisland*, 2026 WL 1162553, at *1. Given Anderson's failure to comply with our order or supply a legal argument upon which we could decide this appeal, we conclude the only available remedy is dismissal.

Last, Anderson suggested in her filing that we have not applied the same citation standards to the brief filed by the Child Support Services (CSS) unit as appellee. In fact, we applied exactly the same standard. All of the cases cited in CSS's brief are real cases and the quotations are accurate.

**APPEAL DISMISSED.**